UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:21-CV-00013-GFVT-EBA

QUINCY THURMAN,                                                                                        PLAINTIFF,

V.                       **MEMORANDUM OPINION & ORDER**

CITY OF FRANKFORT, *et al.*,                                                 DEFENDANTS.

*** *** *** ***

In Defendants' first set of discovery requests, they requested Plaintiff Quincy Thurman produce all data available from his Facebook account. Thurman produced the data without objection. Then, Thurman requested the same from Defendants in his first set of discovery requests. However, despite making the *exact same* request to Thurman, Defendants objected to the request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Now, Thurman moves to compel Defendants to produce their Facebook data. [R. 53]. Defendants oppose the motion. [R. 55]. Thurman didn't file a reply and the time to do so expired. LR 7.1(c). The matter is ripe for review.

A

Rule 26(b)(1) provides that—unless otherwise limited—"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). This language is broadly construed to include "any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The scope

of discovery, however, is not without limitation. It is "well established that the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) (citing *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976)). As such, "[a] ruling by the trial court limiting or denying discovery will not be cause for reversal unless an abuse of discretion is shown." *Id.*

When a party refuses to provide information requested by another party, which is thought by the requesting party to be within the scope of Rule 26(b), then the requesting party may move the court to compel disclosure of the requested information. FED. R. CIV. P. 37(a)(3)(B). Motions to compel may be filed where a party has failed to (1) provide a mandatory disclosure; (2) answer or admit an interrogatory or request for admission; or (3) produce discoverable information, materials, or documents. *See generally* FED. R. CIV. P. 37. Should the court determine the matters sought to be compelled fall within the scope of Rule 26, the motion shall be granted.

B

The Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Rule 1 aims, in part, to "discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay." *Id.*, Comm. Notes on Rules, 2015 Amend. That's because effective advocacy depends on the "cooperative and *proportional* use of procedure." *Id.* (emphasis added).

With these principles in mind, the Court turns to Thurman's motion to compel discovery. [R. 53]. At its heart, Thurman's motion seeks what's fair. If Defendants have my Facebook data, then I should have their Facebook data. And there's a degree of truth to that. Frankly, it can't be emphasized enough that Defendants' first set of written discovery requests sought production of

Page **2** of **6**

Thurman's Facebook data, and that Thurman's first set of written discovery requests (served *after* Defendants' set was served on Thurman) sought production of Defendants' Facebook data in the *exact same way*.[1] Yet, after Thurman produced discovery responsive to the request, Defendants objected to Thurman's request—*which mirrored their very own request*—as overly broad, unduly burdensome, and disproportionate to the needs of the case.[2] If Defendants mean what they say—that the language of Thurman's request is overly broad, unduly burdensome, and disproportionate to the needs of the case—then they, too, made an overly broad, unduly burdensome, and disproportionate request—but did so intentionally.

Despite the requests mirroring one another, Defendants distinguish the situations by emphasizing that Thurman didn't object to their request. [R. 55 at pg. 2]; *see*, *supra* note 2. In Defendants' view, that makes all the difference. However, despite citing several cases for the proposition that not all social networking site data is discoverable absent a threshold relevance showing, Defendants never explain why or how their very same request to Thurman for "all" his Facebook data is any narrower or more relevant than Thurman's request for "all" Defendants' Facebook data. [R. 55 at pgs. 3–11] (relying primarily on *Locke v. Swift Trans. Co. of Arizona, LLC*, No. 5:18-CV-119-TBR-LLK, 2019 WL 430930 (W.D. Ky. Feb. 14, 2019); *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387 (E.D. Mich. 2012); *McCann v. Harleysville Ins. Co. of New York*, 78 A.D.3d 1524 (N.Y. App. Div. 2010); *Adkisson v. Jacobs Engineering*

---

[1] "In response to this Request, Plaintiff provided the requested information <u>without</u> objection. Subsequently, Plaintiff made the *same* request in his written discovery requests . . . . In response, all Defendants *objected* to that Request on the grounds same was overly broad, unduly burdensome and not proportional to the needs of the case." [R. 55 at pg. 2] (italicized emphasis added). "In the Plaintiff's first set of [discovery requests] to Defendants . . . , Thurman made the *exact same* request. Defendants have declined to produce their data." [R. 53 at pg. 2].

[2] In relevant part, the request reads: "Produce all data downloaded from your Facebook account(s) using the instructions provided below including, but not limited to, all postings, profile information, wall posts, photos, videos, notes, information concerning events to which you have RSVP'd, messages sent and received, and comments made by any person relating to wall posts, photos, videos, or any other content." [R. 53 at pg. 1]; [R. 55 at pg. 1].

*Group, Inc.*, No. 3:13-CV-505-TAV-HBG, 2020 WL 8254452 (E.D. Tenn. Dec. 10, 2020)).[3] So it's difficult for Defendants to avoid the appearance of abusing the discovery process for their own gain by hiding behind rules (that they disregard) to Thurman's disadvantage.

C

"[S]ocial media information may be a source of relevant information that is discoverable." *Georgel v. Preece*, No. 0:13-CV-57-DLB-EBA, 2014 WL 12647776, at *3 (E.D Ky. Feb. 28, 2014) (citation omitted). However, as of yet, "[t]he Sixth Circuit has not issued guiding precedent as to the discovery of private social media information." *Id.* Still, it's clear that social media content isn't "privileged or otherwise protected from discovery" in and of itself. *Id.*

Some courts require a threshold evidentiary showing to compel production of social media information, *see, e.g.*, *Locke*, 2019 WL 430930; *Tompkins*, 278 F.R.D. 387, but others don't. *See Higgins v. Koch Dev. Corp.*, No. 3:11-CV-81-RLY-WGH, 2013 WL 3366278 (S.D. Ind. July 5, 2013) (finding social media content relevant absent any reference to the plaintiff's public profiles or any knowledge of the defendants as to the content). Here in the Eastern District of Kentucky, the Court requires a "clear factual predicate upon which to compel the production of" social media records. *Georgel*, 2014 WL 12647776, at *5 (declining to adopt a "threshold evidentiary showing so high that parties seeking social media information must first present relevant evidence from a public profile").

Thurman's motion to compel asserts that the discovery it seeks is relevant and that Defendants will not be burdened by producing said discovery.[4] [R. 53 at pg. 3]. However,

---

[3] Defendants also misattribute a Western District of Kentucky case to the Eastern District of Kentucky. [R. 55 at pg. 3] ("*As this Court has previously instructed*, and the parties agree, social media is discoverable, albeit not limitless. *Boegh v. Harless*, 2021 WL 1923365, at 7 (*E.D.* Ky. May 13, 2021).") (emphasis added); *but see Boegh v. Harless*, No. 5:18-CV-123-TBR-LLK, 2021 WL 1923365 (W.D. Ky. May 13, 2021).
[4] Thurman's assertion is conclusory: "The position of the courts on discovery is that a party may obtain discovery of any non-privileged matter that may bear upon, or reasonably could lead to other matter that could bear upon, any issue

Page **4** of **6**

Thurman's motion doesn't provide the Court with "a clear factual predicate upon which to compel the production of" Defendants' Facebook data. *Georgel*, 2014 WL 12647776, at *5. True, Thurman relays that he seeks Facebook information from Defendants for as long as they've been employed by the City of Frankfort, but he never draws a factual connection between the claims asserted in his suit against Defendants and any information that he might obtain through Defendants' Facebook data. Put simply, the Court doesn't know why Defendants' Facebook data is relevant to this action, so it must deny Thurman's motion to compel.[5]

Moving forward, the parties shall be mindful of their duty under Rule 1 to construe, administer, and employ the Federal Rules of Civil Procedure "to secure the *just*, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1 (emphasis added). Thus, the parties shall refrain from over-using, misusing, and abusing procedural tools to their advantage. *Id.*, Comm. Notes on Rules, 2015 Amend.

D

Defendants and Thurman requested Facebook data from each other during discovery. Thurman produced data responsive to Defendants' request. But Defendants objected to Thurman's request. Thurman moved to compel Defendants to produce their Facebook data, since he produced his data to them. However, Thurman's motion to compel lacks a clear factual predicate for compelling the data's production. So, the Court must deny Thurman's motion. Accordingly,

> IT IS ORDERED that Plaintiff Quincy Thurman's motion to compel [R. 53] is DENIED WITHOUT PREJUDICE.
>
> Signed March 15, 2023.

---

that is or likely may be raised in a case. Thurman therefore respectfully requests the Court to compel the Defendants to produce their Facebook data." [R. 53 at pg. 3].

[5] However, as in *Georgel*, the Court will deny the motion to compel without prejudice. 2014 WL 12647776, at *6 (denying motion to compel social media data without prejudice).



Signed By:

*Edward B. Atkins*   *EBA*

**United States Magistrate Judge**